UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC J. WHITE,                                   Case No. 10-10227

           Plaintiff,                        Sean F. Cox
vs.                                              United States District Judge

COMMISSIONER OF                                  Michael Hluchaniuk
SOCIAL SECURITY,                                 United States Magistrate Judge

           Defendant.
_____/

## REPORT AND RECOMMENDATION
## <u>CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 18, 21)</u>

## I.   PROCEDURAL HISTORY

    A.   <u>Proceedings in this Court</u>

On January 19, 2010, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Sean F. Cox

referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claim for a period of disability and

disability insurance benefits.  (Dkt. 4).  This matter is before the Court on cross-

motions for summary judgment.  (Dkt. 18, 21).

    B.   <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on January 3, 2007, alleging that he became

unable to work on January 3, 2005. (Dkt. 14, Tr. at 134). The claim was initially

disapproved by the Commissioner on February 2, 2007. (Dkt. 14, Tr. at 71-75).

Plaintiff requested a hearing and on March 12, 2009, plaintiff appeared with

counsel before Administrative Law Judge (ALJ) William G. Reamon, who

considered the case *de novo*. In a decision dated April 3, 2009, the ALJ found that

plaintiff had been disabled from January 3, 2005 through January 2, 2007. (Dkt.

14, Tr. at 15-16). However, the ALJ found that there had been medical

improvement occurred as of January 3, 2007 and that as of that date, plaintiff has

the capacity to perform sedentary work. (Dkt. 14, Tr. at 17). Plaintiff requested a

review of this decision on May 28, 2009. (Dkt. 14, Tr. at 130-133). The ALJ's

decision became the final decision of the Commissioner when, after the review of

additional exhibits[1] (AC-19B, 25F, 26F, Dkt. 14, Tr. at 5), the Appeals Council, on

November 3, 2009, denied plaintiff's request for review. (Dkt. 14, Tr. at 1-5);

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED** and that the findings of the Commissioner be **AFFIRMED**.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

Plaintiff was thirty-six years of age at the time of the most recent administrative hearing.  (Dkt. 14, Tr. at 28).  Plaintiff's relevant work history included approximately eleven years as a delivery driver.  (Dkt. 14, Tr. at 28-29).  In denying plaintiff's claims, defendant Commissioner considered a back impairment and colon problems as possible bases of disability.  (Dkt. 14, Tr. 164).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since January 3, 2005.  (Dkt. 14, Tr. at 14).  At step two, the ALJ found that plaintiff's impairments were "severe" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found that beginning on January 3, 2007, no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 14, Tr. at 17).  At step four, the ALJ found that beginning on January 3, 2007, plaintiff has been capable of performing past relevant work.  (Dkt. 14, Tr. at 18-19).  At step five, the ALJ denied plaintiff benefits because plaintiff

could perform a significant number of jobs available in the national economy. (Dkt. 14, Tr. at 19).

      B.    <u>Plaintiff's Claims of Error</u>

In this case, the ALJ found that plaintiff had improved following his second back surgery. Admittedly, plaintiff did not continue to have the evidence of nerve root impingement that had been seen before his surgery. Nevertheless, even though he went through extensive physical therapy and treatment after his surgery, plaintiff says that he never was able to return to work. Despite that evidence, the ALJ found that plaintiff could return to some of his past work, which were at the sedentary level. The ALJ indicated that the assessment of plaintiff's treating physician, Dr. Cousineau showed that plaintiff had the ability to perform sit/stand sedentary work, although he disagreed with the doctor's conclusion that plaintiff was incapable of working. According to plaintiff, the ALJ's decision did not acknowledge the MRI study that showed that plaintiff had fibrosis in his back post-surgery, which would be a reasonable pain generator, and the ALJ incorrectly concluded that Dr. Cousineau had found improvement in his second RFC in 2008.

Moreover, shortly after the opinion was issued, plaintiff's then attorney filed a new RFC from Dr. Cousineau, which clearly is inconsistent with any sort of ongoing work (Tr. 688-690), as well as another copy of an MRI study that demonstrated the presence of the fibrosis. Thus, according to plaintiff, the

post-decision evidence is subject to the standard of *Cotton v Sullivan*, 2 F.2d 692

(6th Cir. 1993), which requires that post-hearing evidence must be new

and material and also that there must be good cause for not submitting it to the

ALJ.  According to plaintiff, Dr. Cousineau saw him on a continuous basis, and his

new RFC is based on his ongoing examinations of the plaintiff which took place

after his hearing. Even without the new RFC, the ALJ had available the report of

Dr. Gast dated April 28, 2008 (Tr. 587), as well as Dr. Cousineau's observation

that plaintiff's pain was so intense that he thought (and Dr. Gast agreed) that his

patient needed to consider a pain pump or stimulator.  (Tr. 589). Thus, plaintiff

concludes that the evidence in this case is clear that the ALJ did not properly

evaluate the evidence and that plaintiff's disability award should have been

ongoing instead of ending.

In addition, plaintiff claims the ALJ erred by failing to heed the testimony of

the VE, who concluded that plaintiff could not work if his testimony was accurate.

Finally, plaintiff asserts that the ALJ failed to give consideration to the lack of

evidence that plaintiff was faking, exaggerating or being unooperative with his

therapy and to his strong work record before his injury.  (Tr. 154-155).

C.     Commissioner's Cross-Motion for Summary Judgment

Contrary to plaintiff's assertion, the ALJ's decision reveals that he properly

weighed the medical source opinions of record in determining plaintiff's RFC.

While plaintiff is correct that a treating physician's medical opinion may be entitled to great or sometimes controlling weight, the Commissioner asserts that Dr. Cousineau's opinion is not entitled to controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not consistent with other substantial evidence in the record. In his decision, the ALJ explained that "great weight is given to the reports of the claimant's treating sources." (Tr. 18). On August 20, 2007, Dr. Cousineau wrote a "To Whom It May Concern" letter and opined that plaintiff, "at this time, is considered disabled from employment." (Tr. 586). Plaintiff argues that this opinion establishes that he cannot perform sedentary work. However, on September 8, 2008, Dr. Cousineau completed a "Medical Assessment of Ability to Do Work-related Activities (Physical)" and opined that plaintiff could sit about 4-5 hours in an 8-hour workday and for 2 hours at a time; stand 3 hours in an 8-hour workday and for 2 hours at a time; and walk 2 to 3 hours in an 8-hour workday and for 2 hours at a time. (Tr. 594). He also opined that plaintiff occasionally can lift/carry up to 10 pounds. (Tr. 594). In his decision, the ALJ explained that "the undersigned does not agree with the August 2007 letter from Dr. Cousineau in which he states that the claimant could not do any work" because, among other reasons, "Dr. Cousineau's latest assessment is significantly less restrictive." (Tr. 18). In fact, Dr. Cousineau's opinion of September 2008 supports the ALJ's RFC

finding.  (Tr. 17, 594).  To the extent Dr. Cousineau was concerned that plaintiff

would not be able to perform his medium, and heavy past work, the ALJ stated,

"the undersigned agrees that the claimant could not perform ... all his previous

work" and limited plaintiff to sedentary work.  (Tr. 18).  Lastly, the ALJ pointed

out that "[e]ven under Dr. Cousineau's more exhaustive set of limitations in his

residual functional capacity at Exhibit 19F, the vocational expert found that such

limits would not be incompatible with claimant's past relevant work as a

production assembly worker as claimant did that job."  (Tr. 19).

Plaintiff contends, however, that an assessment from Dr. Cousineau dated

May 18, 2009, "clearly is inconsistent with any sort of ongoing work."  Dr.

Cousineau completed a "Medical Assessment of Ability to Do Work-related

Activities (Physical)" on May 18, 2009, at the request of plaintiff's attorney.  (Tr.

688-90).  Dr. Cousineau opined that plaintiff could sit 1 hour in an 8-hour workday

and for 30 minutes at a time; stand 30 minutes; and walk 1 hour in an 8-hour

workday for 30 minutes at a time.  (Tr. 688).  He indicated that plaintiff could

sit/stand as needed for a total of 2 hours a day.  (Tr. 688).  The Commissioner

points out, however, that this assessment was completed and submitted to the

Agency after the ALJ rendered his decision.  Thus, the Commissioner argues that

Dr. Cousineau's opinion may not be properly considered by the Court in making

its substantial evidence review of the ALJ's decision.

Report and Recommendation
Cross-Motions for Summary Judgment
*White v. Comm'r*; Case No. 10-10227

According to the Commissioner, plaintiff has not requested remand based on this evidence, and remand would not be appropriate because he has not demonstrated that this evidence is material. Significantly, Dr. Cousineau's assessment dated May 18, 2009, does not present a reasonable probability that the ALJ's decision would change because the assessment is not well-supported. *See* 20 C.F.R. § 404.1527(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"). Dr. Cousineau identified no particular clinical examination findings, motor strength tests, other motor or musculosketal tests, diagnostic test results, or clinical observations to support any of the limitations in his May 18, 2009 assessment. (Tr. 688-89). Rather, as with his September 8, 2008 assessment, (Tr. 594-95), Dr. Cousineau simply wrote down "pain" when asked to provide "supportive medical findings" to justify the limitations he was offering. (Tr. 688-69). Thus, according to the ALJ, Dr. Cousineau identified nothing in this assessment that would have likely changed the ALJ's decision.

Additionally, Dr. Cousineau's May 18, 2009 assessment is inconsistent with his September 8, 2008 assessment. In his September 8, 2008 assessment, Dr. Cousineau indicated that the limitations he set forth therein had been in effect since January 2008. (Tr. 594). However, in his May 18, 2009 assessment, Dr.

Cousineau provided far more limiting restrictions than in his prior September 8, 2008 assessment but appeared to indicate that these far more limiting restrictions had been in effect since January 2005. (Tr. 688). There is no explanation for this change in assessment. The Commissioner suggests that plaintiff had shown Dr. Cousineau the ALJ's decision and the May 2009 assessment was generated for the purposes of establishing disability and, is therefore, not "new" evidence. *See Koulizos v. Sec'y of Health & Human Servs.*, 1986 WL 17488 at *2 (6th Cir. 1986) (new and material evidence cannot have been generated expressly for purpose of proving disability). Rather, the good cause requirement is satisfied if there is a "valid reason" for the failure to submit evidence at the administrative hearing. *Oliver*, 804 F.2d at 966. According to the Commissioner, plaintiff has offered no valid reason and remand is, therefore, not warranted.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and

finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc.Sec.Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability

Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the

Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381

*et seq.*).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do

> basic work activities," benefits are denied without further
> analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20

C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.   Good Cause Under Sentence Six

Plaintiff's motion for summary judgment relies on the submission of new evidence to the Appeals Council. Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the

good cause test.  *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed.Appx. 593, 598-99 (6th Cir. 2001).  A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision.  *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r*, 97 Fed.Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r*, 79 Fed.Appx. 852, 859 (6th Cir. 2003).  Here, plaintiff has not addressed or carried his burden of demonstrating good cause; he has not addressed why he did not obtain the evidence proffered earlier.  Thus, plaintiff has failed to establish good cause.

Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion.  *Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Sec. of HHS.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed.Appx. 547, 550 (6th Cir. 2007).  In the view of the undersigned, the Commissioner is correct that while these medical records relate to impairments that existed between the time of the alleged onset date and the hearing, plaintiff offers no reason or supporting evidence to show why Dr. Cousineau's opinions changed so dramatically after the ALJ issued his decision and there is no reason to think the ALJ would give controlling weight to this conclusory unsupported

opinion.

    D.    <u>Substantial Evidence Supports the ALJ's Decision</u>

    While true that a treating physician's opinion must be given greater weight than that of a one-time examining physician or a non-examining consulting physician, that is only appropriate if the treating physician supplies sufficient medical data to substantiate that opinion. *Smith v. Astrue*, 2008 WL 5429685 (S.D. Ohio 2008), citing, *Kirk v. Sec'y of Health and Human Serv.*, 667 F.2d 524 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983); *Bogle v. Sullivan*, 998 F.2d 342 (6th Cir. 1993). A treating physician's broad conclusory formulations regarding the ultimate issue of disability, which must be decided by the Commissioner, are not determinative of the question of whether an individual is under a disability. *Id.* Further, the Commissioner may properly reject a treating physician's opinion if it is not supported by sufficient medical data or if it is inconsistent with the other evidence of record. *Id.*

    Here, the undersigned agrees with the Commissioner that great weight was in fact given to Dr. Cousineau's opinion as set forth in his September 8, 2008 medical assessment, which was supported by and consistent with the record evidence, unlike his conclusory 2007 statement that plaintiff was unable to work. Dr. Cousineau opined that plaintiff could sit about 4-5 hours in an 8-hour workday and for 2 hours at a time; stand 3 hours in an 8-hour workday and for 2 hours at a

time; and walk 2 to 3 hours in an 8-hour workday and for 2 hours at a time.  (Tr. 594).  He also opined that plaintiff occasionally could lift/carry up to 10 pounds. (Tr. 594).  In his decision, the ALJ explained that "the undersigned does not agree with the August 2007 letter from Dr. Cousineau in which he states that the claimant could not do any work" because, among other reasons, "Dr. Cousineau's latest assessment is significantly less restrictive."  (Tr. 18).  Dr. Cousineau's opinion of September 2008 is entirely consistent with the ALJ's RFC finding.  (Tr. 17, 594).  To the extent that Dr. Cousineau was concerned that plaintiff would not be able to perform his medium, and heavy past work, the ALJ stated, "the undersigned agrees that the claimant could not perform ... all his previous work" and limited plaintiff to sedentary work.  (Tr. 18).  Lastly, the ALJ pointed out that "[e]ven under Dr. Cousineau's more exhaustive set of limitations in his residual functional capacity at Exhibit 19F, the vocational expert found that such limits would not be incompatible with claimant's past relevant work as a production assembly worker as claimant did that job."  (Tr. 19).  Based on the foregoing, the undersigned concludes that appropriate weight was given to Dr. Cousineau's well-supported opinions.

    In addition, the ALJ was entitled to rely on the VE's testimony at Step Four. The ALJ asked the VE to consider an individual of plaintiff's vocational profile and RFC and inquired into whether such an individual would be able to perform

any of plaintiff's past work.  (Tr. 61-63).  The VE testified that plaintiff would still be able to perform his past work as a data entry clerk and production assembler, which were unskilled, sedentary jobs.  (Tr. 61-63).  The ALJ's hypothetical questions to the VE included all of the limitations found by the ALJ to be credible based on the evidence of record.  Accordingly, the ALJ was entitled to rely on the VE's testimony in response to his hypothetical question.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996).  Thus, the ALJ's finding that plaintiff can return to performing some of his past work is supported by substantial evidence and the undersigned finds no reason to disturb these findings.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 8, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 8, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>James R. Rinck, Judith E. Levy, AUSA, and the Commissioner of Social Security</u>.

s/Darlene Chubb          
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov
